**Neil Skousen (Utah Bar No. 10064)**
Attorney at Law
P.O. Box 1771
Orem, Utah 84059-1771
Tel: (801) 376-6666
Fax: (801) 225-4006
E-mail: Ndskousen@aol.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THANH DUY NGUYEN, | COMPLAINT |
| Plaintiff, | JURY TRIAL DEMANDED |
| vs. | Case No. _____ |
| SCHREIBER FOODS, INC., a foreign corporation, | Judge_____ |
| Defendant. | |

## NATURE OF THE CASE

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, et seq., Title I of the Civil Rights Act of 1991, the Utah Antidiscrimination Act of 1965, as amended, and other applicable law to correct unlawful employment discrimination practices on the basis of race, national origin, hostile work environment/harassment, retaliation for complaining of and reporting workplace discrimination, and wrongful termination by Defendant, Schreiber Foods, Inc., a foreign corporation (hereinafter "Schreiber" or "Defendant") and to provide appropriate relief to Plaintiff, Thanh Duy Nguyen (hereinafter "Nguyen" or "Plaintiff"), who was adversely affected by such unlawful practices.

Management and employees of Schreiber knew, or should have known, that Plaintiff was being discriminated and retaliated against in violation of the law.  Mr. Nguyen's allegations against Schreiber give rise to a claim of punitive damages because the acts and gross misconduct of Schreiber was willful, malicious, and manifested a knowing and reckless indifference, and callous disregard, toward the federally-protected rights of Mr. Nguyen.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

2. Plaintiff, Thanh Duy Nguyen, a resident of Cache County, State of Utah, is the alleged aggrieved party and is therefore authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and other applicable law.

3. Schreiber Foods, Inc., a foreign corporation, was Plaintiff's employer.  Plaintiff was employed at Schreiber's Utah business facility located at 885 N. 600 W., Logan, Utah 84321.  The corporate address for Schreiber Foods, Inc. is 425 Pine St., P.O. Box 19010, Green Bay, Wisconsin, 54307.  The Utah registered agent for Schreiber Foods, Inc. is C.T. Corporation System, 1108 E. South Union Ave., Midvale, Utah 84047.

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337 and 1343.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Utah. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

6. At all relevant times, Defendant was and is an employer engaged in the business of cheese production and distribution, and other related industries, affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

7. Plaintiff received his Notice of Right to Sue letter from EEOC. Plaintiff is filing this Complaint with the U.S. District Court, Salt Lake City, Utah, within ninety (90) days of receiving the above-referenced Notice of Right to Sue letter. The EEOC Notice of Right to Sue letter, dated May 21, 2012, is attached to this Complaint.

## STATEMENT OF FACTS

8. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

9. Petitioner Nguyen's race is Asian and is a member of the relevant protected class.

10. Nguyen's national origin is Vietnamese and is a member of the relevant protected class.

11. In or about August 1990, Nguyen was hired by Respondent.

12. On or about April 3, 2009, Nguyen was terminated by Respondent.

13. For about the last eleven (11) years of his employment, Nguyen worked as a Casting Cook for Respondent.

14. The Casting Cook position required Nguyen to operate machinery used to produce cheese products via computer controls.

15.     About one (1) year prior to Nguyen's termination, Respondent hired Jason Stephens to be Nguyen's Supervisor.

16.     Stephens' race is Caucasian.

17.     Prior to Respondent hiring Stephens to be Nguyen's Supervisor, Nguyen's job performance was excellent.  For about 19 years, Nguyen was a hard-working and successful employee for Respondent.

18.     Nguyen was awarded "employee of the month" by Respondent on at least two occasions.

19.     Compared to other employees, Nguyen had an excellent work attendance record for Respondent.

20.     Nguyen's work ethic and cultural upbringing taught him to honor authority figures at work and, if possible, not to place such persons in a bad light.

21.     During Stephens time supervising Nguyen, Stephens harassed, discriminated against, and retaliated against Nguyen on an ongoing basis due to Stephens' racial hatred and animosity towards Nguyen's Asian race and Vietnamese national origin.

22.     In 2008, Stephens impermissibly asked Nguyen to disclose his race/national origin and age.

23.     Fearing his Supervisor's authority to hire, fire, and otherwise affect Nguyen's employment, Nguyen answered Stephens questions with the following response:  Vietnamese and 50 years old.

24.     In 2008, Stephens frequently and purposely ignored Nguyen's greetings at work.

25.     Stephens routinely greeted and interacted with Respondent's Caucasian employees.

26.     In 2008, Stephens frequently and purposely ignored Nguyen's work-related questions.

27. Stephens routinely answered and engaged the work-related questions of Respondent's Caucasian employees.

28. In 2008, Nguyen received workplace burns from a caustic substance to his eyes, face, and upper body while conducting a production system cleaning procedure.

29. When Nguyen reported this incident to a Team Advisor, the Team Advisor refused to give Nguyen a copy of the incident report describing Nguyen's injuries and the workplace accident.

30. Furthermore, Stephens threatened Nguyen by telling him that if Nguyen went to the doctor to report the incident and be treated, Nguyen would lose his Work Safety Certificate and lose 50% of Nguyen's "OIP" bonus.

31. Consistent with the above misconduct by Stephens, Nguyen and other employees observed Stephens picking up dirty, contaminated cheese from the floor and placing it in the clean barrel on several occasions.

32. In or about December 2008, Stephens disparaged Nguyen's race and national origin by calling Nguyen a "Chink" in Nguyen's presence.

33. In or about January 2009, Stephens disparaged Nguyen's race and national origin a second time by calling Nguyen a "Chink" in Nguyen's presence.

34. In or about January 2009, Nguyen reported to Stephens that Adrian Alania, a Hispanic employee, was improperly adjusting the cheese which caused the food product to be wasted. Stephens laughed and made a racist remark that Alania had "too much burrito."

35. In or about March 2009, Stephens disparaged Nguyen's race and national origin a third time by calling Nguyen a "Chink" in Nguyen's presence.

36.     In or about March 2009, Nguyen reported to Stephens that Andrew Blanchard, a Caucasian employee, improperly pressed a computer command which caused significant cheese product to be wasted.  Stephens smiled and ignored Nguyen's complaint.  Several members of the Casting Cook Team were aware of Blanchard's misconduct that caused significant cheese product to be wasted.  Blanchard was not disciplined by Stephens or Respondent.

37.     In 2009, Respondent became aware that a "CG" Team Member mixed 1,000 lbs. of a caustic substance with 17,000 lbs. of clean cheese product in the blender because the wrong button was pressed.  Such cheese product was destroyed and the above employee was not terminated.

38.     In 2009, prior to being terminated, Nguyen complained of and reported Stephens' above-described discriminatory conduct as unwanted and unwelcome.

39.     On January 29, 2009, Stephens wrote an e-mail to Respondent's Human Resources Department and management disclosing to Respondent that Nguyen had complained about Stephens workplace racism and that Nguyen intended to seek legal counsel regarding race discrimination at Schreiber:

> **Today I asked Than if he had changed the settings.  He got extremely defensive and said that he was going to go to the plant manager.  He kept saying why would I do that.  He later told the other cooks that he would get a lawyer and say that I was being racist if I accused him of changing the settings.**

40.     The above-referenced January 29, 2009 e-mail was sent to Brian Gunnell, Schreiber Human Resources Manager, Derek Carlsen, Schreiber Assistant Human Resources Manager, and Matt Johnson, Schreiber Team Leader.

41. The above-referenced January 29, 2009 e-mail placed Respondent on actual notice that Nguyen had complained about Stephens workplace racism and that Nguyen intended to seek legal counsel regarding race discrimination at Schreiber.

42. Although Respondent's Human Resources Department and management had actual notice of Nguyen's allegations of workplace discrimination, Respondent failed to adequately investigate such allegations against Stephens and did not interview the "other cooks" at that time.

43. Stephens ongoing discrimination, derogatory statements, and harassment of Nguyen caused a hostile work environment to exist at Schreiber.

44. On or about March 31, 2009, Nguyen left his computer control station to assist Stephens to take the manifold down on Line No. 5.

45. While Nguyen was assisting Stephens, the pass on cooker button was improperly turned on for eight (8) seconds – ruining a large amount of cheese product.

46. When Nguyen returned to his computer control station, Nguyen noticed that Andrew Blanchard was standing near Nguyen's computer.

47. Blanchard, a Caucasian employee, was aware that Nguyen had reported Blanchard's prior misconduct to Stephens only days before March 31, 2009.

48. Blanchard was a maintenance worker and was not authorized to operate Nguyen's computer.

49. Blanchard caused the large loss of cheese product, on or about March 31, 2009.

50. On or about March 31, 2009, Blanchard caused the large loss of cheese product by improperly operating Nguyen's computer in retaliation for Nguyen's report to Stephens about Blanchard's prior misconduct.

51. Blanchard has conceded that both he and Nguyen were "in and out" of the control room during the changeover.

52. Nguyen had advised Defendant that Blanchard was in and out of the control room during the changeover.

53. Stephens knew, or should have known, that Blanchard went into the control room during the changeover.

54. Nguyen did not cause such loss of cheese product because he was attending to other work-related duties.

55. Nguyen could not have caused such loss of cheese product because he was away from his computer control station at the time the computer command/pass on cooker button was pressed that led to the destroyed cheese product.

56. Instead of conducting a thorough investigation, Stephens immediately blamed Nguyen for the destroyed cheese product.

57. Nguyen adamantly denied he had anything to do with the loss of the cheese product.

58. Nguyen told Stephens that Blanchard was in the computer control room at the time the pass on cooker button was pressed causing the cheese product to be destroyed.

59. Instead of investigating Blanchard or checking for a technical problem, Stephens screamed at Nguyen and repeatedly accused him of lying.

60. Based upon Stephens' baseless and unfounded accusations, and because Nguyen complained about discrimination, Respondent retaliated against Nguyen by wrongfully terminating Nguyen on April 3, 2009.

61. Respondent's April 3, 2009 decision to terminate Nguyen was in temporal proximity to Respondent's January 29, 2009 actual notice of Nguyen's complaint about race discrimination and intent to seek legal counsel regarding race discrimination at Defendant's workplace.

### First Cause of Action - Race Discrimination

62. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth. Based upon the above allegations, Petitioner alleges the following elements of race discrimination:

    a. Nguyen's race is Asian and, therefore, is within the relevant protected class;

    b. Nguyen was qualified for the position of Cast Cook and worked for Respondent for approximately 19 years;

    c. Nguyen was subjected to adverse employment actions as alleged above including, but not limited to, Respondent's wrongful termination of Nguyen;

    d. The circumstances surrounding the adverse employment actions against Nguyen give rise to an inference of race discrimination by Respondent;

    e. As a result of Respondent's race discrimination, Nguyen suffered harms including, but not limited to, job loss, lost income, lower credit rating, etc.; and,

    f. As a result of the harms Nguyen suffered, Nguyen has incurred pecuniary and non-pecuniary damages in amounts to be proven at trial.

### Second Cause of Action - National Origin Discrimination

63. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth. Based upon the above allegations, Petitioner alleges the following elements of national origin discrimination:

a. Nguyen's national origin is Vietnamese and, therefore, is within the relevant protected class;

b. Nguyen was qualified for the position of Cast Cook and worked for Respondent for approximately 19 years;

c. Nguyen was subjected to adverse employment actions as alleged above including, but not limited to, Respondent's wrongful termination of Nguyen;

d. The circumstances surrounding the adverse employment actions against Nguyen give rise to an inference of national origin discrimination by Respondent;

e. As a result of Respondent's national origin discrimination, Nguyen suffered harms including, but not limited to, job loss, lost income, lower credit rating, etc.; and,

f. As a result of the harms Nguyen suffered, Nguyen has incurred pecuniary and non-pecuniary damages in amounts to be proven at trial.

### Third Cause of Action - Hostile Work Environment/Harassment

64. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth. Based upon the above allegations, Petitioner alleges the following elements of hostile work environment/harassment:

a. Nguyen is a member of the respective protected classes of the Asian race and Vietnamese national origin;

b. Nguyen was subjected to unwelcome and unwanted conduct by Respondent;

c. The conduct Nguyen complained of was based on his race or national origin;

d. The harassment complained of was sufficiently severe or pervasive as to alter the terms and conditions of Nguyen's employment, creating a hostile work environment;

  e. As a result of Respondent creating a hostile work environment, Nguyen suffered harms including, but not limited to, job loss, lost income, lower credit rating, etc.; and,

  f. As a result of the harms Nguyen suffered, Nguyen has incurred pecuniary and non-pecuniary damages in amounts to be proven at trial.

### Fourth Cause of Action - Retaliation

65. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth. Based upon the above allegations, Petitioner alleges the following elements of retaliation:

  a. Nguyen engaged in protected opposition to discrimination based upon his race/Asian and/or national origin/Vietnamese when he complained about such discrimination and Respondent was put on actual notice of such discrimination on January 29, 2009;

  b. Nguyen was subjected to an adverse employment action of termination on April 3, 2009, which was subsequent to or within temporal proximity of the protected activity of complaining about discrimination and Respondent being put on actual notice of such complaint on January 29, 2009;

  c. Nguyen's discrimination complaint, Respondent's actual notice of such complaint on January 29, 2009, and Nguyen's termination on April 3, 2009 gives rise to a causal connection and temporal proximity between the protected activity and the adverse employment action of termination;

  d. As a result of Respondent's retaliation, Nguyen suffered harms including, but not limited to, job loss, lost income, lower credit rating, etc.; and,

  e. As a result of the harms Nguyen suffered, Nguyen has incurred pecuniary and non-pecuniary damages in amounts to be proven at trial.

## Fifth Cause of Action - Wrongful Termination

66. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth. Based upon the above allegations, Petitioner alleges the following elements of wrongful termination:

  a. Respondent is a business entity subject to Title VII and/or UAA;

  b. Nguyen engaged in protected opposition to discrimination based upon his race/Asian and/or national origin/Vietnamese when he complained about such discrimination and Respondent was put on actual notice of such discrimination on January 29, 2009;

  c. Nguyen was subjected to an adverse employment action of termination on April 3, 2009 by Respondent;

  d. The conduct of Respondent resulted in the wrongful termination of Nguyen based upon violation(s) of Title VII and/or UAA;

  e. As a result of Respondent's wrongful termination, Nguyen suffered harms including, but not limited to, job loss, lost income, lower credit rating, etc.; and,

  f. As a result of the harms Nguyen suffered, Nguyen has incurred pecuniary and non-pecuniary damages in amounts to be proven at trial.

## Sixth Cause of Action - Punitive Damages

67. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth. Based upon the above allegations, Petitioner alleges he is entitled to punitive damages:

68. At all times material hereto, Schreiber employed more than 500 employees within the United States.

69. At all relevant times, Nguyen was an employee of Schreiber. Schreiber retaliated against Nguyen's invocation of his federally-protected rights by formally terminating Plaintiff on April 3, 2009.

70. Schreiber's gross misconduct was in violation of Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and other applicable law, with malice and/or with reckless indifference to the federally-protected rights of Plaintiff for which Plaintiff is entitled to an award of punitive damages, pursuant to 42 U.S.C. §1981 and other applicable law cited herein.

71. The outrageous conduct exhibited by Defendant was done with a conscious and callous disregard for Plaintiff's rights and with the intent, design, and purpose of injuring and harming him.

72. The conduct of Defendant, its employees, and management was willful and malicious and/or manifest a knowing and reckless indifference toward, and a disregard of the legal rights of Nguyen.

73. The wrongful acts alleged herein were committed by one or more unfit employees, supervisors, and managers of Schreiber, who were recklessly hired, trained, supervised and/or retained by Schreiber.

74. As a result of Schreiber' unlawful employment practices and reckless indifference to the federally-protected rights of Plaintiff, Nguyen has suffered severe emotional, psychological, physical, and financial harm. Plaintiff is entitled to and seeks punitive damages in amounts to be proven at trial.

## REQUEST FOR ATTORNEYS' FEES AND COSTS

75. Plaintiff repeats and re-alleges by reference each and every allegation contained in this Complaint and incorporates the same herein as though fully set forth.

76. Plaintiff has been required to retain counsel and therefore is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. §2000e-(5)(k).

## PRAYER

Plaintiff respectfully prays for and requests the Court to award Plaintiff the following:

1. For actual damages, back pay and benefits with prejudgment interest thereon in an amount to be proven at trial;

2. For front pay and benefits, future pecuniary loss, emotional pain and suffering, medical costs, inconvenience and compensatory damages (including compensation for physical injuries if not an actual damages) in an amount to be proven at trial;

3. All damages associated with Plaintiff's medical and psychological harms in amounts to be proven at trial;

4. For punitive damages in an amount to be proven at trial;

5. Pre-judgment and Post-judgment interest on all categories of damages as allowed by law;

6. For Plaintiff's reasonable attorneys' fees and costs in this action;

7. A positive letter of reference and positive employment reference in Plaintiff's personnel file;

8. An order requiring Defendant to conduct ongoing Title VII training with all its executives, officers, management, supervisors, and employees, to promote an

---

employment atmosphere free from discrimination, and submit proof thereof to the Utah Labor Commission and Equal Employment Opportunity Commission for a period of two (2) years; and,

9. Grant any other remedy, equitable relief, and damages as the Court deems necessary and proper on behalf of Plaintiff and in the public interest.

### JURY TRIAL DEMAND

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

RESPECTFULLY SUBMITTED this 22nd day of August, 2012.

*/s/ Neil Skousen*
Neil Skousen
Attorney for Plaintiff